IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREW JACKSON SMITH,                    :

     Petitioner,                        :

v.                                       :        CIVIL ACTION 12-0621-CG-M

LEEPOSEY DANIELS,                        :

     Respondent.                        :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama
inmate that was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that this habeas petition be denied
as this Court does not have jurisdiction over it, that this
action be dismissed, and that judgment be entered in favor of
Respondent Leeposey Daniels and against Petitioner Andrew
Jackson Smith on all claims.  It is further recommended that any
certificate of appealability filed by Petitioner be denied as he
is not entitled to appeal *in forma pauperis*.

1

Petitioner was convicted of manslaughter in the Circuit Court of Mobile County on February 6, 2003 for which he was sentenced to thirty years in the State penitentiary (Doc. 7, p. 2; Doc. 13, p. 1). Smith's appeal was denied by the Alabama Court of Criminal Appeals; "[o]n July 8, 2005, the Alabama Supreme Court denied Smith's petition for writ of *certiorari* and entered a certificate of final judgment" (Doc. 13, Exhibit D, pp. 1-2).[1] Petitioner also filed various other State proceedings that are of no import here (*see* Doc. 13, Exhibit D, p. 2).

On March 18, 2008, Smith filed a habeas petition in this Court. That petition was determined to be barred by the statute of limitation provision of the Anti-Terrorism and Effective Death Penalty Act of 1996, found in 28 U.S.C. § 2244; it was recommended that the petition be denied and that this action be dismissed. *Smith v. Deville*, Civil Action 08-0150-CG-M (S.D. Ala. June 25, 2008) (Doc. 14). On July 21, 2008, District Court Judge Granade adopted the Report and Recommendation as the opinion of the Court and entered judgment in the action. *Smith v. Deville*, Civil Action 08-0150-CG-M (S.D. Ala. July 21, 2008) (Docs. 15-16). Court records indicate that no appeal was filed.

Petitioner filed the current habeas petition on September

---

[1]Exhibit D is a Report and Recommendation entered on June 25, 2008 by the undersigned on a petition for habeas corpus filed by

27, 2012 which raises the following claims:  (1) Smith's
conviction was the result of an unconstitutional search and
seizure; (2) the prosecution did not divulge exculpatory
evidence to Smith; (3) Petitioner was subjected to double
jeopardy; and (4) Petitioner received ineffective assistance of
counsel; (Doc. 7).  Respondent Answered the Complaint, asserting
that this was a successive petition and that Smith had failed to
seek approval from the Eleventh Circuit Court of Appeals to file
it (Doc. 13, pp. 4-5).

     The Court notes that this Court's review is barred without
a certificate from the Eleventh Circuit Court of Appeals
pursuant to 28 U.S.C. § 2244(b).  In an Order instructing
Petitioner to address this issue, the Court noted that "[b]efore
a second or successive application permitted by this section is
filed in the district court, the applicant shall move in the
appropriate court of appeals for an order authorizing the
district court to consider the application."  28 U.S.C. §
2244(b)(3)(A) (Doc. 14).

     The Court notes that Petitioner has provided no evidence
that he has been given the authority to file this action.  His
assertions that he is actually innocent and that this action is
not successive because it contains new claims are of no benefit

Petitioner.

3

to him in this circumstance (*see* Doc. 15).  Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be denied as this Court does not have jurisdiction to review it, that this action be dismissed, and that judgment be entered in favor of Respondent Leeposey Daniels and against Petitioner Andrew Jackson Smith on all claims.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable

4

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Smith has not sought authorization from the Eleventh Circuit Court of Appeals to file this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
*Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.
Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being
> served with a copy of the recommendation, unless a
> different time is established by order.  The statement
> of objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party

planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    DONE this 6th day of February, 2013.


                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE